## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ELIZABETH MARY RILEY,
          Appellant,

v.

OFFICE OF PERSONNEL
   MANAGEMENT,
          Agency.

DOCKET NUMBER
PH-0731-22-0331-I-1

DATE: August 12, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Jennifer Duke Issacs</u>, Esquire, Atlanta, Georgia, for the appellant.

<u>Tahseen F. Ali</u>, Esquire, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the agency's suitability determination. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant, proceeding pro se, appealed the agency's decision finding her unsuitable for Federal employment and canceling any eligibilities for reinstatement and to certain appointments, debarring her from appointment to certain positions for 3 years, and directing her employing agency to separate her. Initial Appeal File (IAF), Tab 1 at 3, 5, Tab 4 at 16-18. She registered as an e-filer. IAF, Tab 1 at 2. On December 14, 2022, the administrative judge issued an initial decision affirming the agency's determination. IAF, Tab 13, Initial Decision (ID) at 1-2, 7. On January 4, 2023, the appellant filed a designation of representative, reflecting that she had retained an attorney. IAF, Tab 15.[2]

The appellant's attorney filed a petition for review on January 23, 2023. Petition for Review (PFR) File, Tab 1. After the Clerk of the Board issued an acknowledgment letter indicating that the petition was untimely filed, the appellant's attorney responded, acknowledging that the petition was untimely, but stating that the delay was due to her illness, i.e., viral gastroenteritis, her delayed access to the Board's e-Appeal system, and a miscalculation in the deadline to submit the petition for review. PFR File, Tab 2 at 1-2, Tab 3 at 2-3. She also submitted a medical note concerning her illness. *Id.* at 4. The agency has responded, arguing that the petition for review should be dismissed as untimely or, in the alternative, denied on substantive grounds. PFR File, Tab 4.

The petition for review was untimely filed.

A petition for review of an initial decision must be filed within 35 days of the initial decision or, if the petitioner shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date the petitioner received the initial decision. 5 C.F.R. § 1201.114(e). Here, the

---

[2] This attorney represented the appellant between January 4 and October 31, 2023, and thus filed the appellant's petition for review and submission regarding timeliness discussed herein.

administrative judge issued the initial decision on December 14, 2022. ID at 1. It was electronically served on the parties on the same day. IAF, Tab 14. The administrative judge informed the parties that the initial decision would become the Board's final decision on January 18, 2023, in the absence of a petition for review. ID at 7. The appellant's attorney filed the petition for review on January 23, 2023. PFR File, Tab 1. In the petition for review, the attorney declared, under penalty of perjury, that the appellant received the initial decision on December 24, 2022. PFR File, Tab 1 at 3-4.

Documents served electronically on registered e-filers are deemed to have been received on the day of electronic submission. 5 C.F.R. § 1201.14(m)(2) (2022). Although the appellant's attorney declared that the appellant received the initial decision on December 24, 2022, PFR File, Tab 1 at 3-4, the certificate of service for the decision shows that the appellant was served electronically on December 14, 2022, IAF, Tab 14. Further, the statements of a party's representative in a pleading do not constitute evidence. *Hutchinson v. Department of Labor*, 91 M.S.P.R. 31, ¶ 5 (2001). Although the appellant's attorney's statement was sworn, she claimed to have "personal knowledge" of the appellant's receipt date without explaining the basis of her knowledge. PFR File, Tab 1 at 3. Given that she was not the appellant's designated representative as of December 14, 2022, we discern no basis to credit her claim. *See generally Borninkhof v. Department of Justice*, 5 M.S.P.R. 77, 83-84 (1981) (discussing factors to consider in deciding whether to credit hearsay evidence). As an electronic filer, the appellant is deemed to have received the initial decision on December 14, 2022. *See, e.g., Morton v. Department of Veterans Affairs*, 113 M.S.P.R. 365, ¶¶ 2-3, 6-7 (2010); *Lima v. Department of the Air Force*, 101 M.S.P.R. 64, ¶ 5 (2006).

On review, the appellant's attorney states that she received the initial decision from the appellant on December 27, 2022, and counted the deadline to file from that date. PFR File, Tab 3 at 3. The timeline for filing the petition for

review begins to run from either the appellant's or her representative's receipt of the initial decision, whichever comes first. 5 C.F.R. § 1201.114(e); *see Lima v. Department of the Air Force*, 101 M.S.P.R. 64, ¶ 5 (2006) (deeming an appellant's representative to have received an initial decision on the date of electronic submission and imputing that service date to the appellant). The initial decision so advised the appellant. ID at 7. As just discussed, the Board deems the appellant to have received the initial decision on December 14, 2022. Therefore, the deadline for filing the petition for review began to run on that date. The last day fell on January 18, 2023, 35 days later. The petition for review, which was filed on January 23, 2023, was untimely by 5 days.

The appellant did not provide good cause for the delay in filing the petition for review.

In her response to the Clerk of the Board's acknowledgment letter, alerting the appellant's attorney to the timeliness issue, she has asked that the Board waive the deadline for the filing of the petition of review for good cause. PFR File, Tab 3 at 2. In her sworn statement, the appellant's attorney indicates that she received notice of the initial decision on December 27, 2022. *Id.* at 3. She continues that, though she submitted notice of her representation of the appellant to the Board on January 4, 2023, she was not given access to e-Appeal until January 17, 2023, which she states significantly limited her time "to review previously submitted documents." *Id.* at 2. She explains that she failed to ask the Board for an extension of time to file the petition because she erroneously calculated its due date from the date she received the initial decision, not from the date the appellant received it. *Id.* at 3.

The Board will waive the time limit for filing a petition for review only upon a showing of good cause for the delay in filing. *Rivera v. Social Security Administration*, 111 M.S.P.R. 581, ¶ 4 (2009); 5 C.F.R. §§ 1201.113(d), 1201.114(g). To establish good cause for an untimely filing, a party must show that she exercised due diligence or ordinary prudence under the particular

circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to her inability to timely file her petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

Though a 5-day delay is not lengthy, in the interests of judicial efficiency and fairness, the Board will not waive its timeliness requirements in the absence of good cause, no matter how minimal the delay. *Fitzgerald v. Department of Veterans Affairs*, 45 M.S.P.R. 222, 223 (1990); *see Barr v. Office of Personnel Management*, 50 M.S.P.R. 66, 67-68 (1991) (declining to waive a 1-day delay in refiling a petition for review when the appellant received the refiling notice from the Clerk at least 3 days prior to the deadline), *aff'd*, 975 F.2d 868 (Fed. Cir. 1992) (Table); *Willis v. United States Postal Service*, 43 M.S.P.R. 439, 440-42 (finding an appellant's failure to follow straightforward directions in an initial decision showed that he did not exercise due diligence or ordinary prudence when he filed his petition for review 4 days late), *aff'd per curiam*, 907 F.2d 158 (Fed. Cir. 1990) (Table).

The brevity of the delay notwithstanding, the appellant has not shown good cause for her failure to meet the filing deadline. As previously discussed, the appellant is deemed to have received the initial decision on the same day it was issued. Officially, the appellant was pro se at the time, but she obtained an attorney no later than January 4, 2023, when the representative submitted the endorsed designation of representative. IAF, Tab 15; PFR File, 3 at 2. The initial decision clearly states that the filing deadline was January 18, 2023, 14 days after the appellant designated her attorney. ID at 7. The Board has long held that an

appellant is responsible for the errors of her chosen representative. *Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981). Further, the appellant remains personally liable for the timely prosecution of her appeal whether or when she is represented. *Brady v. Department of Labor*, 57 M.S.P.R. 341, 346 (1993), *aff'd per curiam*, 26 F.3d 138 (Fed. Cir. 1994) (Table). Therefore, we decline to excuse the 5-day delay based on the failure of the appellant's attorney to understand the deadline as clearly stated in the initial decision. ID at 7.

The appellant's attorney explains on review that from January 8 to 17, 2023, she "was suffering from a virus that left [her] in bed for the entire week." PFR File, Tab 3 at 2. On January 14, 2023, she was diagnosed with viral gastroenteritis by her physician who advised her "to continue to rest and return to work the following week." *Id.*

To establish that an untimely filing resulted from illness, the party must, as relevant here, explain how the illness prevented her from timely filing her appeal or a request for an extension of time. *Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 437 (1998). The appellant's attorney has not claimed that her illness prevented her from doing either. Instead, she identifies the sole cause of her failure to timely request an extension as her error in calculating the deadline, and states that if she had "realized [her] error, [she] would have asked the Board for an extension." PFR File, Tab 3 at 3. Further, the attorney's ability to access e-Appeal on January 17, 2023, is inconsistent with her claim that she was unable to work at the time. In sum, the appellant has not shown that she exercised due diligence or ordinary prudence under the circumstances of this case.

We therefore dismiss the petition for review as untimely filed by 5 days without a showing of good cause for the delay. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the removal appeal.

**NOTICE OF APPEAL RIGHTS**[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b) (9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:             _____
                          Gina K. Grippando
                          Clerk of the Board

Washington, D.C.